IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:04cr94-LG-JMR-5

ALFRED ALLEN HUGGINS

**ORDER DENYING MOTION FOR REMOVAL OF ENHANCEMENTS**

BEFORE THE COURT is the Motion [170] of defendant Alfred Allen Huggins
for Removal of Enhancements, in which Huggins requests that the Court resentence
him without applying two enhancements.  Huggins contends the enhancements
constitute crimes he was never charged for or convicted of, and therefore the Court
could not properly apply the enhancements to increase his guideline sentencing range.
As this claim is one of error that occurred at sentencing, the Court finds that it should
be considered under 28 U.S.C. § 2255.  *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d
1111, 1113 (5th Cir. 1990).  The Motion will be denied because Huggins' claim is
untimely and without merit.

DISCUSSION

Huggins pled guilty to one court of attempting to manufacture
methamphetamine within 1000 feet of a school, and was sentenced to 292 months[1]
imprisonment.  The sentencing guideline base offense level applicable to his crime was
increased by two enhancements.  One enhancement added two levels for possessing a
pistol while manufacturing the methamphetamine, and the other added six levels for

---

[1] The sentence was later reduced to 235 months pursuant to 18 U.S.C. §
3582(c)(2).  (ECF No. 182).

creating a substantial risk of harm to the life of a minor while manufacturing methamphetamine.  The Judgment was entered on March 16, 2005.  (ECF No. 85).  Huggins attempted a pro se appeal one year later, but his Notice of Appeal was dismissed by the Fifth Circuit Court of Appeals as untimely.  (ECF No. 150).  He has filed this Motion arguing that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), requires that a jury, rather than the Court, find the facts underlying the enhancements, and therefore he must be resentenced.

The Court finds first that this request for relief is untimely.  There is a one-year limitations period for motions filed under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f).  According to 28 U.S.C. § 2255(f), a defendant's one-year limitation period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Huggins' judgment of conviction became final in 2005, and therefore any § 2255 motion should have been filed one year later, in 2006.  He does not assert that some government-created impediment prevented him from requesting relief earlier, or that

-2-

there are any new facts supporting his claim for relief.  His reliance on *Alleyne* is misplaced, and in any event, the Fifth Circuit has specifically held that the Supreme Court's holding in *Alleyne* is not retroactive.  *See In re Kemper,* 735 F.3d 211, 212 (5th Cir. 2013).  Thus, the Court could not rely on *Alleyne* to resentence Huggins even if it applied to Huggins' circumstances and he had filed this Motion within one year of the Supreme Court's decision.

It is well-established that the limitations period is strictly construed.  *Fierro v. Cockrell,* 294 F.3d 674, 684 (5th Cir. 2002) ("Congress has imposed a strict one-year limitations period for the filing of all habeas petitions . . . subject only to the narrowest of exceptions.").  Having filed his Motion in 2014, Huggins' Motion was approximately eight years late and it is, therefore, barred by the statute of limitations. Accordingly, the Motion should be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1).

Furthermore, even if the Motion had been timely, it is without merit.  *Alleyne* holds that any fact that increases a defendant's mandatory minimum sentence must be presented to a jury and found beyond a reasonable doubt.  *Alleyne*, 133 S. Ct. at 2158.  The Court's factual determinations regarding possession of a firearm and harm to children in the home did not affect the statutory minimum sentence; rather, they only affected the guidelines range.  Therefore, *Alleyne* is not applicable. *See United States v. Kates,* No. 13-10502, 2014 WL 4813565, at *1 (5th Cir. Sept. 30, 2014); *United States v. Moncada–Delarosa,* No. 14-10332, 2014 WL 4802840, at *1 (5th Cir. Sept. 29, 2014).  As a result, Huggins' *Alleyne* argument is without merit.

CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case as Huggins has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [170] of defendant Alfred Allen Huggins for Removal of Enhancements, construed as a motion pursuant to 28 U.S.C. § 2255, is **DENIED.** A certificate of appealability is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of April 2016.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge